JAMES E. DOROSHOW, SBN 112920
    jdoroshow@foxrothschild.com
ASHE P. PURI, SBN 297814
    apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828

AARON MILLS SCOTT (pro hac vice to be submitted forthwith)
    ascott@foxrothschild.com
FOX ROTHSCHILD LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402
Telephone:    (612) 607-7000
Facsimile:    (612) 607-7100

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROVER PRODUCTS CO.,<br><br>             Plaintiff,<br><br>     vs.<br><br>FLEETPRIDE, INC., MEGAN LEMON, AND DOES 1–10, INCLUSIVE,<br><br>             Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Grover Products Co. ("Grover") for its Complaint against Defendants FleetPride, Inc. ("FleetPride"), Megan Lemon, and Does 1–10 (collectively, "Defendants"), states and alleges as follows:

## NATURE OF THIS ACTION

1.  Since the 1930s, Grover has manufactured and sold air horns and air horn-related products that have earned a reputation for high quality and reliability.  Grover sells its products across the country and internationally.

2.  Instead of competing with Grover on fair terms, Defendants have chosen to try to deceive customers into believing they are buying genuine products manufactured by Grover.  FleetPride sells counterfeit products that are meticulously designed to copy the appearance and model numbers of Grover products.  Defendants directly and willfully misrepresent that the products FleetPride offers for sale are genuine products manufactured by Grover by using Grover's registered trademarks and model numbers in advertising and communications to customers.

3.  FleetPride has repeatedly been caught and instructed to cease its unlawful use of Grover's registered trademarks.  Defendants have, nevertheless, knowingly and willfully continued to advertise and sell FleetPride's products by misrepresenting them to be Grover's products.

4.  As a result of Defendants' conduct, Grover brings this action seeking damages and injunctive relief, asserting claims for counterfeiting and infringement of Grover's trademarks, unfair competition, false designation of origin, false and misleading product descriptions, unlawful and deceptive trade practices, and unjust enrichment.

## THE PARTIES

5.  Grover is a corporation organized under the laws of California that maintains its principal place of business at 3424 East Olympic Boulevard, Los Angeles, California 90023.

///

6.      On information and belief, FleetPride is a corporation organized under the laws of Alabama with its principal place of business in Irving, Texas.

7.      Megan Lemon is an individual employed by FleetPride as a Category Manager.  On information and belief, she is a resident of Texas.

8.      Does 1–10 are individuals employed by or acting at the direction of FleetPride whose identities are not presently known to Grover, but who are involved in the unlawful conduct described herein, causing injury to Grover.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Grover's claims brought under state law.

10.      This Court has personal jurisdiction over FleetPride.  FleetPride has purposefully, continuously, and systematically conducted business in California. FleetPride maintains twenty-seven store locations in California and another ten service centers located in California that service trucks and trailers.  FleetPride's wholesale unit, Parts Distributing Company, operates a distribution center in Visalia, California. FleetPride advertises and markets directly to California consumers through in-store advertising and sales pitches and through print and internet advertising.  Through these means, FleetPride offers for sale and sells infringing counterfeit products to California residents by making infringing, false, deceptive, and misleading representations about its products.  FleetPride transacts business with California residents over the internet and in its stores, enters into contracts with California residents via the internet and in person, and collects payment for products from California residents.

11.      This Court has personal jurisdiction over Megan Lemon.  In her role as Category Manager, Ms. Lemon has either personally authored or is responsible for the authoring and approval of, language used by FleetPride to advertise its products in California, including its unlawful use of Grover's registered trademarks.  Using language

authored or approved by Ms. Lemon, FleetPride has purposefully, continuously, and systematically conducted business in California, offering for sale and selling infringing counterfeit products to California residents by making infringing, false, deceptive, and misleading representations about FleetPride's products.

12.     This court has jurisdiction over Does 1–10, who are similarly involved in FleetPride's offers for sale and sales of infringing counterfeit products to California residents by making infringing, false, deceptive, and misleading representations about FleetPride's products.

13.     Venue is proper in this district because FleetPride resides in this district for purposes of 28 U.S.C. § 1391(b) and (c) because FleetPride is subject to personal jurisdiction in this district.  Venue is additionally proper in this district pursuant to 28 U.S.C. § 1391(b) in that a portion of the claims arose in this judicial district as a result of acts committed by Defendants within this judicial district.

## BACKGROUND ON GROVER

14.     Grover is a manufacturing company that specializes in the fabrication and production of metal products, most notably air horns.  As early as 1937, Grover introduced a line of air horns that it began marketing under the GROVER name.  Based on the success that Grover realized in its initial production and marketing of GROVER air horns, Grover expanded its line of air horns to several market segments, including trucks, marine, emergency, trains, industrial, and personal use.  As a result of its superior quality control and other production methods, Grover has become a leading supplier of air horns in these market segments and its name and its GROVER mark have become synonymous with quality.

15.     Grover has continuously used the GROVER mark since Grover began use of the trademark.  Grover's products marketed under the GROVER mark are distributed throughout the United States and around the world.

///

16.     Grover's products sold under the GROVER and STUTTERTONE marks are distributed through a variety of channels of trade, including business-to-business sales to large and small resellers who sell Grover products at the retail and wholesale levels and in both the aftermarket and to original equipment manufacturers.   Grover also sells directly to original equipment manufacturers, businesses that service and repair equipment, and entities that use Grover's products directly, such as fire departments and trucking companies.   End users of Grover products include fire departments, other government organizations, and the U.S. Military.   Grover products are used in a broad range of applications, including in emergency vehicles, trucks, heavy machinery, trains, and marine vehicles.   Grover also sells directly to purchasers at the retail level at its Los Angeles headquarters and through its http://www.airhornsbygrover.com website.   Grover markets its products through print advertising, through partnerships with resellers, at trade shows, and through its websites.

17.     Grover registered its GROVER mark on the Principal Register of the United States Patent and Trademark Office, Registration No. 2,114,576, for use on machine parts, namely, air compressors and air valves, air horns for the truck, automotive, industrial, marine and recreational vehicle industries, and baseball bats.   A copy of this Registration is attached as **Exhibit A**.   Grover registered a GROVER "plus design" mark, Registration No. 1,969,487, for use on machine parts, namely, air compressors and air valves, and air horns for the truck, automotive, industrial, marine and recreational vehicle industries.   A copy of this Registration is attached as **Exhibit B**.

18.     Grover also registered its STUTTERTONE mark, Registration No. 2,996,746, for use on air horns used by emergency vehicles.   Grover has continuously used the STUTTERTONE® mark since Grover began use of the trademark.   Grover's products marketed under the STUTTERTONE® mark are distributed throughout the United States and around the world.   A copy of this Registration is attached as **Exhibit C**. These registrations have become incontestable.

19. As a result of Grover's use and promotion of its GROVER® and STUTTERTONE® marks (collectively, "the Registered Marks"), and as demonstrated by the corresponding federal registrations, the Registered Marks are distinctive, distinguish Grover and its products from the products of other businesses, and distinguish the source and origin of Grover's air horns and related products. As a result of these efforts by Grover, the consuming public in California and the United States widely recognizes and associates the Registered Marks with Grover and its products.

20. As a result of Grover's use and promotion of the Registered Marks in California and elsewhere, Grover has developed great and valuable goodwill and has acquired valuable common law rights in its Registered Marks.

21. The high quality and distinctive and appealing design of Grover's products have earned Grover a prominent role in its market, where it offers high-end, high quality air horns made in the United States that have proven to be very desirable to buyers.

## DEFENDANTS AND THEIR ACTIVITIES

22. FleetPride is the largest retailer of heavy-duty truck and trailer parts in the United States.

23. FleetPride is engaged in the business of selling automotive parts, including air horns. FleetPride sells its products through FleetPride's nationwide network of retail stores, through its wholesale unit branded as Parts Distributing Company, and also online through websites including www.fleetpride.com and www.e-pdc.com. FleetPride also sell its products over the phone. FleetPride sells products to customers throughout the United States.

24. Defendants Megan Lemon and Does 1–10 are involved in the advertising and sale of FleetPride's products, including but not limited to the unlawful advertising of FleetPride products through the unauthorized use of Grover's trademarks.

25. Grover has learned that Defendants are advertising and selling counterfeit GROVER® and STUTTERTONE® products to consumers, engaging in trademark

infringement and false and deceptive advertising in connection with the sale of air horns and related products.

## Copying of Appearance and Model Numbers

26.     FleetPride has arranged for the manufacture of air horns and air horn-related products (the "Counterfeit Products") that are nearly identical in appearance to genuine GROVER® and STUTTERTONE® products.

27.     Defendants advertise the Counterfeit Products through websites, catalogs and through written and oral communications to consumers.  Defendants claim that FleetPride is selling genuine STUTTERTONE® and GROVER® products when it is instead offering Counterfeit Products.

28.     As part of their scheme to confuse and defraud consumers, Defendants frequently market FleetPride's Counterfeit Products with product numbers that are similar, or identical, to Grover's products for the purpose of confusing customers into thinking they are purchasing authentic GROVER® or STUTTERTONE® products.

29.     Each of the Counterfeit Products has been manufactured and is marketed by Defendants so as to be deliberately indistinguishable from genuine GROVER® or STUTTERTONE® products.  For example, Defendants offer for sale a "CX1510" horn that, without close examination, appears to be identical to the genuine GROVER® 1510 air horn (also marketed by Grover as a STUTTERTONE® horn).

30.     The same relationships exist throughout the line of Counterfeit Products offered by FleetPride.  Each of the Counterfeit Products is built to copy the appearance of a genuine GROVER® or STUTTERTONE® product.

31.     FleetPride's line of "CX" Counterfeit Products duplicates the appearance of a series of genuine GROVER® products.  Each is identified with a model number deliberately designed to confuse consumers into believing the Counterfeit Products are genuine GROVER® or STUTTERTONE® products.  The "CX" line of Counterfeit Products includes at least the following:

| Counterfeit Product model number | Genuine GROVER® model number |
|---|---|
| CX1024 | 1024 |
| CX1042 | 1042 |
| CX1045 | 1045 |
| CX1054 | 1054 |
| CX1055 | 1055 |
| CX1087 | 1087 |
| CX1093 | 1093 |
| CX1094 | 1094 |
| CX1099 | 1099 |
| CX1127 | 1127 |
| CX1136 | 1136 |
| CX1160 | 1160 |
| CX1180 | 1180 |
| CX1218 | 1218 |
| CX1230 | 1230 |
| CX1240 | 1240 |
| CX1510 | 1510 |
| CX1512 | 1512 |
| CX1517 | 1517 |
| CX1522 | 1522 |
| CX1600 | 1600 |
| CX1601 | 1601 |
| CX1607 | 1607 |
| CX1612 | 1612 |

| Counterfeit Product model number | Genuine GROVER® model number |
|---|---|
| CX1630 or 1630P | 1630 |
| CX1644 | 1644 |
| CX1681 | 1681 |
| CX1700 | 1700 |
| CX1701 | 1701 |
| CX1703 | 1703 |
| CX1720 | 1720 |
| CX1730 | 1730 |
| CX1734 | 1734 |
| CX2000 | 2000 |
| CX2001 | 2001 |

**Defendants' Awareness of Grover's Registered Trademarks**

32.     This is not the first time that Grover has caught FleetPride, its employees and agents infringing Grover's Registered Marks and selling Counterfeit Products.

33.     On November 19, 2014, Grover initiated litigation against FleetPride in this court in a case captioned, *Grover Products Co. v. FleetPride, Inc. et al*, Case No. 2:14-cv-08938-CBM-PLA  (the "Prior Litigation").  Grover's complaint in the Prior Litigation stated that Grover held registered trademarks in GROVER® and STUTTERTONE® and asserted claims against FleetPride including trademark counterfeiting, trademark infringement, and false advertising arising out of FleetPride's unauthorized and unlawful use of the Registered Marks.

34.     It is indisputable that on or before November 19, 2014, FleetPride was aware the Grover held registered trademarks in GROVER® and STUTTERTONE®.  On information and belief, Megan Lemon and Does 1–10 also possessed knowledge of

Grover' registration of trademarks in GROVER® and STUTTERTONE® at the time the Prior Litigation was commenced, or within a few weeks thereafter.

35.    After more than a year of litigation, Grover and FleetPride stipulated to dismiss the Prior Litigation on December 2, 2015 and an order dismissing the case was entered on December 4, 2015.

36.    Despite being fully aware of Grover's trademark rights—and despite being sued for the same conduct in the Prior Litigation—Defendants have chosen to once again engage in the very same unlawful conduct in which it has engaged in the past.

### Misrepresentations in Advertising

37.    Defendants continue to advertise FleetPride's Counterfeit Products using Grover's Registered Marks and model numbers in a whole series of catalogs, in other website content, and in paper catalogs distributed around the country.

38.    For example, Defendants continue to call FleetPride's "CX1510" air horn a "Stuttertone" horn and to copy Grover's model numbers in FleetPride's "Chrome" catalog at http://www.e-pdc.com/print-a-catalog.html (accessed March 28, 2016).   The document properties of that catalog reflect that it has read this way since December 3, 2015 at 1:17 p.m.  An image from that catalog is displayed below:

## HORNS & ACCESSORIES

| PN | DESCRIPTION |
|---|---|
| **AIR HORNS & ACCESSORIES** | |
| 1630P | Nylon Horn Valve |
| CX1024 | Single Horn, Length 24½", Flare 6" Chrome Finish |
| CX1042 | Single 7¼" Bell, 30" Long, All Chrome |
| CX1045 | Single 7¼" Bell, 25" Long, All Chrome |
| CX1054 | Single 7¼" Bell, 37½" Long, All Chrome |
| CX1055 | Single 7¼" Bell, 34" Long, All Chrome |
| CX1510 | Single 6" Bell, 24 1/2" Long, All Chrome, Stuttertone Firetruck Horn |
| CX1522 | Sound Repair Kit for CX1510 |
| CX1600 | Dual, Long Horn 15¼", Short 13¼" Flare 4" Chrome Bells, Painted Sound Unit |
| CX1601 | Dual, Long Horn 15¼", Short 13¼" Flare 4" Chrome Finish |
| CX1678 | Single 4" Bell, 13 1/2" Long, All Chrome |
| CX1681 | Kit for CX1700 |
| CX1700 | Single 6" Bell, 24 1/2" Long, All Chrome |
| CX1703 | Sound Unit |
| CX1720 | 1700 Series Horn Pedestal |
| CX1734 | Single Horn Installation Kit For Vehicles Equipped With Air Brakes |
| CX2000 | Single 4 1/4" Bell, 25 1/4" Long, Brass Bell |
| CX977 | Rectangular Single Horn - 29" Overall Length Chrome Finish |
| CX978 | Rectangular Single Horn - 26" Overall Length Chrome Finish |

39.     Defendants separately display that same "Chrome" catalog on another of FleetPride's websites, at http://www.e-digitaleditions.com/i/296100-chrome (accessed March 28, 2016).

40.     Defendants separately display the same "Chrome" catalog in yet another location at http://www.fleetpride.com/docs/power_products/chrome.pdf?sfvrsn=2 (accessed March 28, 2016).

41.     Defendants continue to use advertise FleetPride's "CX1510" air horn as a "Stuttertone" horn and copy Grover's model numbers in FleetPride's "Safety Products" catalog, available online at http://www.e-pdc.com/print-a-catalog.html (accessed March 28, 2016).  The document properties of this catalog reflect that it has read this way since November 30, 2015 at 11:45 a.m.  An image from that catalog is displayed below:



## HORNS & ACCESSORIES

| PN | DESCRIPTION |
|---|---|
| **AIR HORNS & ACCESSORIES** | |
| 1630P | Nylon Horn Valve |
| CX1024 | Single Horn, Length 24½", Flare 6" Chrome Finish |
| CX1042 | Single 7¼" Bell, 30" Long, All Chrome |
| CX1045 | Single 7¼" Bell, 25" Long, All Chrome |
| CX1054 | Single 7¼" Bell, 37½" Long, All Chrome |
| CX1055 | Single 7¼" Bell, 34" Long, All Chrome |
| CX1510 | Single 6" Bell, 24 1/2" Long, All Chrome, Stuttertone Firetruck Horn |
| CX1522 | Sound Repair Kit for CX1510 |
| CX1600 | Dual, Long Horn 15¼", Short 13¼" Flare 4" Chrome Bells, Painted Sound Unit |
| CX1601 | Dual, Long Horn 15¼", Short 13¼" Flare 4" Chrome Finish |
| CX1678 | Single 4" Bell, 13 1/2" Long, All Chrome |
| CX1681 | Kit for CX1700 |
| CX1700 | Single 6" Bell, 24 1/2" Long, All Chrome |
| CX1703 | Sound Unit |
| CX1720 | 1700 Series Horn Pedestal |
| CX1734 | Single Horn Installation Kit For Vehicles Equipped With Air Brakes |
| CX2000 | Single 4 1/4" Bell, 25 1/4" Long, Brass Bell |
| CX977 | Rectangular Single Horn - 29" Overall Length Chrome Finish |
| CX978 | Rectangular Single Horn - 26" Overall Length Chrome Finish |

42.    Defendants separately display the same "Safety Products" catalog on another of FleetPride's websites at:

http://www.fleetpride.com/docs/power_products/safety.pdf?sfvrsn=2 (accessed March 28, 2016).

43.    Defendants use slightly different language in FleetPride's National Parts Guide, choosing not to use the STUTTERTONE® Mark, but still copying Grover's model numbers http://www.fleetpride.com/fleetpride-catalogs/national-parts-guide/ (accessed March 28, 2016):

### Air Horns

| PP PN | Description |
|---|---|
| AV1630 | Universal Horn Valve - Plastic |
| CX1024 | Single Horn, Length 24½", Flare 6" Chrome Finish |
| CX1510 | Firetruck Horn 24 ½", Flare 6" Chrome |
| CX1600 | Dual, Long Horn 15¼", Short 13¼", Flare 4" Chrome Bells, Painted Sound Unit |
| CX1601 | Dual, Long Horn 15¼", Short 13¼", Flare 4" Chrome Finish |
| CX1734 | Single Horn Installation Kit for Vehicles Equipped with Air Brakes |

44.     Defendants take the same tactic in FleetPride's "Fleet Quick Reference Guide" catalog, copying Grover's model numbers and referencing certain specific Grover model numbers without explanation in a field called "Cross." http://www.e-pdc.com/flipviewer_catalogs/fleetquickreference/index.html (accessed March 28, 2016):

## Air Horns & Accessories

| PN | Description | Cross |
|---|---|---|
| 228928P | Control Valve, Plastic Universal, ¼" Pipe Outlet, 3 ½" Long x 1" Diameter | — |
| CX56 | Tank and Compressor Assembly | — |
| CX112 | 12V Solenoid | — |
| CX977 | Rectangular Single Horn, 29" Overall Length, Chrome Finish | H977 |
| CX978 | Rectangular Single Horn, 26" Overall Length, Chrome Finish | H978 |
| CX1024 | Single Horn, Length 24½", Flare 6" Chrome Finish | 1024 |
| CX1042 | Single 7-¼" Bell, 30" Long, All Chrome | — |
| CX1045 | Single 7-¼" Bell, 25" Long, All Chrome | — |
| CX1510 | Single Horn, Length 24½", Flare 6" Chrome Finish, Firetruck Horn | — |
| CX1600 | Dual, Long Horn 15¼", Short 13½", Flare 4" Chrome Bells, Painted Sound Unit | 1600 |
| CX1601 | Dual, Long Horn 15¼", Short 13½", Flare 4" Chrome Finish | 1601 |
| CX1700 | Single 6" Bell, 24½" Long, All Chrome | — |

45.     In addition to online catalogs, Defendants have created and distributed paper catalogs containing the same content set forth here around the country, including to FleetPride stores located in California.

46.     FleetPride's catalogs do contain a disclaimer—located far away from the listings of Counterfeit Products and the unauthorized use of "Stuttertone"—stating that certain horns and parts are not made by or affiliated with Grover Products Company.  The disclaimer does not alter the fundamentally deceptive nature of the content, nor does it allow Defendants to make unauthorized use of Grover's registered trademarks.

47.     In addition to the content of the catalogs, FleetPride's website for Parts Distributing Company continues to advertise products that it claims are from "Grover

Products" (all images from the "Search Parts" function available from e-pdc.com, accessed March 18, 2016):



48.   FleetPride advertises another product as a "Grover Type" valve:



49.   The advertising content created by Defendants—including but not limited to the content specifically referenced here—contains false, misleading, and deceptive

statements that are deliberately designed to, and likely to, confuse customers into thinking that FleetPride offers authentic Grover products for sale.

**Direct Misrepresentations to Consumers**

50.     Defendants falsely represent to potential purchasers that the Counterfeit Products are genuine products made by Grover, including by using the STUTTERTONE® Mark and Grover's model numbers.

51.     Grover has not authorized Defendants to use any of its trademarks or model numbers in connection with the sale of any products.

52.     The table below identifies a number of documented false, misleading, deceptive, and infringing representations made by FleetPride employees throughout the country in the course of selling Counterfeit Products:

| DATE | STORE LOCATION | SALES OF COUNTERFEIT PRODUCTS |
| --- | --- | --- |
| 314/2014 | FleetPride: Montgomery, AL | Individual seeking to purchase a "stuttertone" air horn was sold a FleetPride product. |
| 3/15/2016 | FleetPride: Redding, CA | Individual seeking to purchase a "stuttertone" air horn was sold a FleetPride product. |
| 3/15/2016 | FleetPride: Tucson, AZ | Individual seeking to purchase a "stuttertone" air horn was sold a FleetPride product. |
| 3/15/2016 | FleetPride: Londonderry, NH | Individual seeking to purchase a "stuttertone" air horn was sold a FleetPride product. |
| 3/15/2016 | FleetPride: South Deerfield, MA | Individual seeking to purchase a "stuttertone" air horn was sold a FleetPride product. |
| 3/16/2016 | FleetPride: Memphis, TN | Individual seeking to purchase a "stuttertone" air horn was sold a FleetPride product. |
| 3/21/2016 | FleetPride: Phoenix, AZ | Individual seeking to purchase a "stuttertone" air horn and a model 1601 air horn (Grover's product number) was sold FleetPride products. |
| 3/21/2016 | FleetPride: Victorville, CA | Individual seeking to purchase a model 1600 air horn (Grover's product number) was sold a |

| DATE | STORE LOCATION | SALES OF COUNTERFEIT PRODUCTS |
|------|----------------|-------------------------------|
| | | FleetPride product. |
| 3/21/2016 | FleetPride: North Las Vegas, NV | Individual seeking to purchase model 1510 and 1601 air horns (Grover's product numbers) was sold FleetPride products. |
| 3/25/2016 | Parts Distributing Company | Individual seeking to purchase 12 "stuttertone" horns was sold FleetPride products. |

53.     On information and belief, the false, misleading, deceptive, and infringing advertising tactics described above are routinely used by FleetPride throughout the country.

### FleetPride's Sales of Counterfeit Products

54.     On information and belief, purchasers of the Counterfeit Products routinely make their purchases believing that they are buying genuine GROVER® and/or STUTTERTONE® products.

55.     On information and belief, FleetPride has supplied Counterfeit Products to re-sellers that FleetPride knows to also be willfully infringing upon Grover's trademarks and falsely representing that the Counterfeit Products are genuine GROVER® and/or STUTTERTONE® products.  The Counterfeit Products are re-sold to customers who would otherwise be purchasing genuine GROVER® or STUTTERTONE® products but who have been deceived into purchasing Counterfeit Products.

56.     On information and belief, purchasers of Counterfeit Products include fire departments and other builders and operators of emergency vehicles, who believe they have received genuine GROVER® or STUTTERTONE® products but who have been deceived into buying FleetPride's Counterfeit Products instead.

///

///

**COUNT ONE**

**FEDERAL TRADEMARK COUNTERFEITING**

57.　Grover repeats the allegations above as if fully set forth herein.

58.　Grover has registered its GROVER® and STUTTERTONE® marks with the USPTO and has the exclusive right to use these marks in connection with its air horns and related products.　Grover also has common law rights in these trademarks in connection with its air horns and related products.

59.　Grover has used the inherently distinctive GROVER® and STUTTERTONE® trademarks continuously in connection with its air horns and related products.

60.　Grover has exerted significant effort in the form of advertising, promotion, and sales to promote its trademarks in commerce as a name distinctive of Grover's goods.

61.　As a result of such extensive and exclusive use and promotion of the GROVER® and STUTTERTONE® trademarks, the marks have developed secondary meaning as an indicator that Grover is the source of goods identified by the marks.

62.　Grover's GROVER® and STUTTERTONE® trademarks represent valuable goodwill owned by Grover.

63.　Defendants' use of the GROVER® and STUTTERTONE® trademarks in connection with the Counterfeit Products, and elsewhere, is without Grover's consent.

64.　Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the GROVER® and STUTTERTONE® trademarks in advertising, promoting, offering for sale, selling and distributing Counterfeit Products.

65.　Defendants' unauthorized and counterfeiting use of the GROVER® and STUTTERTONE® trademarks on and in connection with FleetPride's advertisement, promotion, offers for sale, sales and distributions of the Counterfeit Products through its websites, catalogs and sales staff constitutes use of Grover's trademarks in commerce.

66. Defendants' unauthorized use of the GROVER® and STUTTERTONE® trademarks has, and is likely to continue to (a) cause confusion, mistake and deception, (b) cause the public to believe that the Counterfeit Products are the same as Grover's products or that FleetPride is authorized, sponsored or approved by Grover or that FleetPride is affiliated, connected or associated with or in some way related to Grover; and (c) result in FleetPride unfairly benefiting from Grover's advertising and promotion and profiting from the reputation of Grover and its trademarks all to the substantial and irreparable injury of the public, Grover and its trademarks, and their substantial goodwill.

67. Defendants have intentionally and willfully used Grover's trademarks as counterfeit marks and sold the products containing the marks knowing the products and marks are counterfeit and that the products are not genuine GROVER® and STUTTERTONE® products.

68. Defendants' actions constitute counterfeiting of the GROVER® and STUTTERTONE® trademarks in violation of 15 U.S.C. §§ 1114(1).

69. Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

70. Defendants' conduct has been willful, meaning that Defendants are liable to Grover for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c), or, at Grover's election, an amount representing three times Grover's damages or FleetPride's illicit profits; and (b) reasonable attorneys' fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(a) or (b). Grover is not seeking its own lost profits as a component of its damages under 15 U.S.C. § 1117(a)(2).

## COUNT TWO

## FEDERAL TRADEMARK INFRINGEMENT

71. Grover repeats the allegations above as if fully set forth herein.

72.     Grover has registered its GROVER® and STUTTERTONE® marks with the USPTO and has the exclusive right to use these marks in connection with its air horns and related products.   Grover also has common law rights in these trademarks in connection with its air horns and related products.

73.     Grover has used the inherently distinctive GROVER® and STUTTERTONE® trademarks continuously in connection with its air horns and related products.

74.     Grover has exerted significant effort in the form of advertising, promotion, and sales to promote its trademarks in commerce as a name distinctive of Grover's goods.

75.     As a result of such extensive and exclusive use and promotion of the GROVER® and STUTTERTONE® trademarks, the marks have developed secondary meaning as an indicator that Grover is the source of goods identified by the marks.

76.     Grover's GROVER® and STUTTERTONE® trademarks represent valuable goodwill owned by Grover.

77.     Defendants' use of the GROVER® and STUTTERTONE® trademarks in connection with the Counterfeit Products, and elsewhere, is without Grover's consent.

78.     Defendants' unauthorized and infringing use of the GROVER® and STUTTERTONE® trademarks on and in connection with FleetPride's advertisement, promotion, offers for sale, sales and distributions of the Counterfeit Products through its websites, catalogs and sales staff constitutes use of the GROVER® and STUTTERTONE® trademarks in commerce.

79.     Defendants engage in these activities intending to confuse and deceive the public into believing that FleetPride and the Counterfeit Products its sells are sponsored, affiliated or associated with Grover, when they are not.

80.     Defendants' unauthorized use of the GROVER® and STUTTERTONE® trademarks has, and is likely to continue to (a) cause confusion, mistake and deception, (b) cause the public to believe that the Counterfeit Products are the same as Grover's

products or that FleetPride is authorized, sponsored or approved by Grover or that FleetPride is affiliated, connected or associated with or in some way related to Grover; and (c) result in FleetPride unfairly benefiting from Grover's advertising and promotion and profiting from the reputation of Grover and its trademarks all to the substantial and irreparable injury of the public, Grover and its trademarks, and their substantial goodwill.

81.     Defendants have intentionally and willfully used the infringing marks and sold the products containing the marks knowing the marks are infringing and that the products are not genuine products of Grover.

82.     Defendants' actions constitute willful infringement of the GROVER® and STUTTERTONE® trademarks in violation of 15 U.S.C. § 1114(1).

83.     Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

84.     Defendants' actions in supplying the Counterfeit Products to re-sellers knowing that the Counterfeit Products would be represented as genuine GROVER® and/or STUTTERTONE® products constitutes contributory infringement.

85.     Defendants are liable to Grover for: (a) an amount representing the greater of three times Grover's damages or FleetPride's illicit profits; and (b) reasonable attorney fees.  Grover is not seeking its own lost profits as a component of its damages under 15 U.S.C. § 1117(a)(2).

## COUNT THREE

## FEDERAL UNFAIR COMPETITION

86.     Grover repeats the allegations above as if fully set forth herein.

87.     Defendants' unauthorized use of the GROVER® and STUTTERTONE® trademarks on and in connection with FleetPride's advertisement, promotion, offers for sale, sales and distributions of the Counterfeit Products through websites, catalogs and sales staff constitutes use of the GROVER® and STUTTERTONE® trademarks in commerce.

88.     Defendants engage in these activities intending to confuse and deceive the public into believing that FleetPride and the products it sells are sponsored, affiliated or associated with Grover, when they are not.

89.     Defendants' unauthorized use of the GROVER® and STUTTERTONE® trademarks has, and is likely to continue to (a) cause confusion, mistake and deception, (b) cause the public to believe that the Counterfeit Products are the same as Grover's products or that FleetPride is authorized, sponsored or approved by Grover or that FleetPride is affiliated, connected or associated with or in some way related to Grover; and (c) result in FleetPride unfairly benefiting from Grover's advertising and promotion and profiting from the reputation of Grover and its trademarks all to the substantial and irreparable injury of the public, Grover and its trademarks, and their substantial goodwill.

90.     Defendants' actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

91.     Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

92.     Defendants are liable to Grover for (a) an amount representing three times Grover's damages or FleetPride's illicit profits and (b) reasonable attorney fees.  Grover is not seeking its own lost profits as a component of its damages under 15 U.S.C. § 1117(a)(2).

## COUNT FOUR

### FALSE DESIGNATION OF ORIGIN, FALSE AND MISLEADING DESCRIPTIONS AND REPRESENTATIONS OF FACT, AND FALSE ADVERTISING

93.     Grover repeats the allegations above as if fully set forth herein.

94.     Defendants' commercial advertisement, promotion, offers for sale, sales and distributions of Counterfeit Products through FleetPride's websites, catalogs and sales staff misrepresents the Counterfeit Products as genuine products of Grover.

95.     Defendants engage in these activities intending to confuse and deceive the public into believing that the Counterfeit Products are genuine products of Grover.

96.     Defendants' misrepresentations give the impression that the Counterfeit Products are genuine products of Grover when in fact they are FleetPride's products, thereby falsely designating the origin of the Counterfeit Products.

97.     Defendants' activities detailed above misrepresent the nature, characteristics, qualities, and geographic origin of the Counterfeit Products.

98.     Defendants' actions constitute false designation of origin, false and misleading descriptions and representations of fact and false advertising in violation of 15 U.S.C. § 1125(a).

99.     Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

100.    Defendants are liable to Grover for (a) an amount representing three times Grover's damages or FleetPride's illicit profits and (b) reasonable attorney fees.  Grover is not seeking its own lost profits as a component of its damages under 15 U.S.C. § 1117(a)(2).

## COUNT FIVE

## COMMON LAW TRADEMARK INFRINGEMENT

101.    Grover repeats the allegations above as if fully set forth herein.

102.    The general consuming public of California widely recognizes the GROVER® and STUTTERTONE® trademarks as designating Grover as the source of services and/or goods. Grover has common law rights in the trademarks under California law.

103.    Defendants have knowingly and willfully used in California the "Grover" and "Stuttertone" marks, counterfeit marks that are substantially indistinguishable from Grover's GROVER® and STUTTERTONE® trademarks, in connection with the sale, offering for sale, distribution, and advertising of air horns and related products.

104.    Defendants' unauthorized use of the GROVER® and STUTTERTONE® trademarks has, and is likely to continue to (a) cause confusion, mistake and deception, (b) cause the public to believe that the Counterfeit Products are the same as Grover's products or that FleetPride is authorized, sponsored or approved by Grover or that FleetPride is affiliated, connected or associated with or in some way related to Grover; and (c) result in FleetPride unfairly benefiting from Grover's advertising and promotion and profiting from the reputation of Grover and its trademarks all to the substantial and irreparable injury of the public, Grover and its trademarks, and their substantial goodwill.

105.    Defendants' knowing and willful use has imitated, counterfeited, and infringed Grover's trademarks in commerce in violation of California common law.

106.    Defendants' actions in supplying the Counterfeit Products to re-sellers knowing that the Counterfeit Products would be represented as genuine GROVER® and/or STUTTERTONE® products constitutes contributory infringement.

107.    Defendants have engaged in such conduct willfully, deliberately, and in conscious disregard of Grover's rights.

108.    Due to Defendants' actions, Grover has been injured in an amount not yet ascertained and is entitled to the remedies provided for it under the common law.

109.    Defendants' conduct has caused, and if not enjoined will continue to cause, irreparable damage to Grover's trademark rights and to its business, positive reputation, and goodwill, which cannot be adequately compensated solely by monetary damages. Grover therefore has no adequate remedy at law and seeks injunctive relief.

**COUNT SIX**

**CALIFORNIA UNFAIR COMPETITION**

**(CAL. BUS. & PROF. CODE §§ 17200 *et seq*).**

110.    Grover repeats the allegations above as if fully set forth herein.

111.    FleetPride's actions constitute unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*.

112.    FleetPride's actions are unlawful and/or unfair under the UCL because they are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of its products, in that purchasers or others are likely to believe FleetPride's products are Grover's products or the products of a company legitimately connected with, approved by, or related to Grover.

113.    FleetPride's actions are unlawful and/or unfair under the UCL because they enable FleetPride to deceptively advertise, merchandise, market, display, and promote that its products emanate from Grover or from a concern legitimately connected with or approved by Grover.

114.    FleetPride enables purchasers of its products to represent and display that such products emanate from Grover or from a concern legitimately connected with or approved by Grover. By reason of the foregoing, Grover has been injured in an  amount not yet ascertained and is entitled to the remedies provided for in Sections 17200 *et seq*. of the Cal. Bus. & Prof. Code.

115.    FleetPride's actions have caused, and if not enjoined will continue to cause, irreparable damage to Grover's rights and to its business, positive reputation and goodwill, which cannot be adequately compensated solely by monetary damages. Grover therefore has no adequate remedy at law and seeks injunctive relief.

**COUNT SEVEN**

**<u>UNJUST ENRICHMENT</u>**

116.    Grover repeats the allegations above as if fully set forth herein.

117.    The acts of FleetPride complained of herein constitute unjust enrichment of FleetPride at Grover's expense.

### PRAYER FOR RELIEF

WHEREFORE, Grover Products Co. requests the following relief:

1.   A permanent injunction enjoining and restraining Defendants, including all of FleetPride's agents, employees, officers, servants, representatives, successors, and assigns and others in active concert or in participation with FleetPride:

    a.   from the use, in any manner whatsoever of Grover's trademarks, or combinations or variations thereof, including phonetic equivalents;

    b.   from using Grover's product model numbers in the marketing or advertising for sale of products sold by FleetPride;

    c.   from using any false and/or misleading statements or advertisements;

    d.   to deliver up for destruction, or otherwise destroy, all of the Counterfeit Products and all related advertising or sales materials, including those materials containing any infringing, false, or misleading statement regarding Grover or its products;

    e.   to notify all past purchasers of Counterfeit Products that the purchased products were not genuine GROVER® or STUTTERTONE® products and may not be re-sold as though they were GROVER® or STUTTERTONE® products; and

    f.   with such injunction including a provision directing FleetPride to file with the Court and serve on Grover within thirty (30) days following the injunction a report in writing and under oath setting forth in detail the manner and form in which FleetPride has complied with the injunction and video evidence documenting the destruction.

2.   Requiring an accounting of profits made by FleetPride as a result of the acts complained of herein;

3.     Requiring a payment of damages in an amount to be proven at trial and/or disgorgement of all profits or ill-gotten gains made by FleetPride as a result of the acts complained of herein;

4.     Awarding damages equal to three times the amount suffered as provided by 15 U.S.C. § 1117, together with attorneys' fees;

5.     Awarding statutory damages;

6.     Awarding exemplary damages;

7.     Awarding prejudgment interest; and

8.     Awarding Grover its costs, disbursements, and attorneys' fees, together with such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

Dated:  March 29, 2016           FOX ROTHSCHILD LLP


                      By: */s/ James E. Doroshow*
                         James E. Doroshow, SBN 112920
                        Ashe P. Puri, SBN 297814
                        Attorneys for Plaintiff
                        GROVER PRODUCTS CO.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Grover Products Co. requests a trial by jury on all claims and issues triable by jury.


Respectfully submitted,


Dated:  March 29, 2016          FOX ROTHSCHILD LLP


By: */s/ James E. Doroshow*
     James E. Doroshow, SBN 112920
     Ashe P. Puri, SBN 297814
     **Attorneys for Plaintiff**
     **GROVER PRODUCTS CO.**


ACTIVE 39563207v2 03/29/2016